**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEANNA M. AULL AND
JAMES E. AULL,                         CASE NO.:

      Plaintiffs,
vs.

SUNTRUST MORTGAGE, INC.,               DEMAND FOR JURY TRIAL

      Defendant.
_____/

**VERIFIED COMPLAINT**

**COME NOW**, Plaintiffs, DEANNA M. AULL and JAMES E. AULL (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, SUNTRUST MORTGAGE, INC., (hereafter "Defendant"), and state as follows:

**PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## **FACTUAL ALLEGATIONS**

4. Plaintiffs are individuals who owned real property in Hillsborough County, Florida, subject to a note and mortgage serviced by Defendant.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Hillsborough County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Hillsborough, Florida, by the Defendant's placing of telephone calls to Plaintiffs' cellular telephones in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a SunTrust Mortgage Account, Account No. ending in –4983.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. Plaintiffs revoked any prior express consent to contact Plaintiffs via cell phone or any other form of communication on September 3, 2015, through a facsimile transmission to Defendant's facsimile no. 804-675-7420. See facsimile confirmation attached as Exhibit "A."

13. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiffs and the contact information for the law firm.

14. On January 27, 2016, Plaintiffs sent a second letter revoking any prior express consent for Defendant to contact Plaintiffs via cell phone or any other form of communication through a facsimile transmission to Defendant's facsimile no. 804-675-7420. See facsimile confirmation attached as Exhibit "B."

15. Despite receiving written revocation from Plaintiffs to stop calling Plaintiffs' cellular telephones, on two separate occasions, Defendant continued to call Plaintiffs' cellular telephones.

16. All calls to Plaintiffs' cell phones were made after Plaintiffs revoked any "alleged" consent and without the "prior express consent" of Plaintiffs.

17. Plaintiff, DEANNA M. AULL, is the regular user and carrier of the cellular telephone number ending in -1694 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18. Plaintiff, JAMES E. AULL, is the regular user and carrier of the cellular telephone number ending in -4608 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

19. Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted on September 3, 2015 and again on January 27, 2016.

20. Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice that Plaintiffs were represented by an attorney and could readily ascertain the Firm's contact information.

21. Defendant knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls.

22. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephones on the following dates and times listed on the call logs of Plaintiffs attached as Exhibit "C."

23. Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

24. Defendant left messages on Plaintiffs' cellular telephones that started with a delay in time before the representative joined the line to leave a message.

25. Some of the voicemail messages received by Plaintiffs on their cellular telephones from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

26. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

27. The calls from Defendant to Plaintiffs' cellular telephones continued despite Plaintiffs expressly revoking their consent.

28. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

31. Plaintiffs incorporate all allegations in paragraphs 1-30 as if stated fully herein.

32. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

33. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiffs with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

34. Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephones after being notified on two separate occasions to no longer call Plaintiffs through any means.

35. Additionally, Defendant continued to make telephone calls to Plaintiffs' cellular telephones after being notified in writing not to contact Plaintiffs and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiffs, DEANNA M. AULL and JAMES E. AULL, demand judgment against Defendant, SUNTRUST MORTGAGE, INC., for the following relief:

    a. any actual damages sustained by Plaintiffs as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

    e.    any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(17)

36. Plaintiffs incorporate all allegations in paragraphs 1-30 as if stated fully herein.

37. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

38. Defendant violated the FCCPA, Fla. Stat. § 559.72(17), when it knowingly communicated with Plaintiffs between the hours of 9 p.m. and 8 a.m. in the Plaintiff's time zone without the prior consent of the Plaintiffs.

39. Specifically, Defendant placed a phone call to Plaintiff's cellular telephone on February 2, 2016 at 9:59 p.m. E.S.T. without the prior consent of Plaintiffs.

**WHEREFORE**, Plaintiffs, DEANNA M. AULL and JAMES E. AULL, demand judgment against Defendant, SUNTRUST MORTGAGE, INC, for the following relief:

    a.    any actual damages sustained by Plaintiffs as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

e.  any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

40. Plaintiffs incorporate all allegations in paragraphs 1-29 as if stated fully herein.

41. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

42. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs were represented by counsel and could reasonably ascertain the name and address of counsel.

43. Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephones despite having actual knowledge that Plaintiffs were represented by an attorney.

**WHEREFORE**, Plaintiffs, DEANNA M. AULL and JAMES E. AULL, demand judgment against Defendant, SUNTRUST MORTGAGE, INC., for the following relief:

a.  any actual damages sustained by Plaintiffs as a result of the above allegations;

b.  statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.  pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.  in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.  any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

44. Plaintiffs incorporate all allegations in paragraphs 1-29 as if stated fully herein.

45. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

46. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephone.

47. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

48. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, DEANNA M. AULL and JAMES E. AULL, demand judgment against Defendant, SUNTRUST MORTGAGE, INC., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after January 27, 2016 at 4:48 P.M.;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____  _____
DEANNA M. AULL                                    JAMES E. AULL

STATE OF FLORIDA
COUNTY OF __Hillsborough__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __12__ day of __November__, 2016, by DEANNA M. AULL and JAMES E. AULL, who is personally known to me or who produced __FL DL__ as identification and who did take an oath.

LEANNA LYNCH
Notary Public - State of Florida
My Comm. Expires Mar 7, 2017
Commission # EE 881722

Signature of Notary Public   Leanna Lynch
Print, Type, Stamp Name of Notary

Date: 11/21/16

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**